UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CHRISTINE MOCKOSHER GRIFFIN** \* **CIVIL ACTION NO. 06-1967**

**VERSUS** \*

**MICHAEL J. ASTRUE,** \* **MAGISTRATE JUDGE HAYES**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For reasons assigned below, the decision of the Commissioner will be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

## BACKGROUND

On March 22, 2004, Christine Griffin filed the instant applications for Disability Insurance Benefits and Supplemental Security Income payments. (Tr. 117-119, 337-340). She alleged disability since March 25, 2002, due to chronic fatigue and fungus (117, 149). The claims were denied at the initial stage of the administrative process. (Tr. 97, 107-110, 341). Thereafter, Griffin requested and received a June 13, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 342-372). However, in a February 26, 2006, written decision, the ALJ determined that Griffin was not disabled under the Social Security Act, finding at Step Four of the sequential evaluation process that she was able to return to her past relevant work as quality control inspector and selector. (Tr. 44-56). Griffin appealed the adverse decision to the Appeals Council. On

August 25, 2006, the Appeals Council denied her request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

On October 24, 2006, Griffin sought review before this court. She contends that the ALJ's determination that she did not meet a listing at Step Three of the sequential evaluation process is not supported by substantial evidence.

## STANDARD OF REVIEW

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).  Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  See 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act.  See 20 C.F.R. § 404.1520(a)(4)(ii).

      The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

    (1)    An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

    (2)    An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

    (3)    An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

    (4)    If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

    (5)    If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See, Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001);  20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of

performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ determined at Step Two of the sequential evaluation process that Griffin suffered from severe impairments of chronic neuro dermatitis, now in remission; disc herniation, L4-5; status post fusion cervical spine; history of carpal tunnel syndrome, right wrist; pain disorder; history of anxiety disorder, NOS; major depressive disorder; and generalized anxiety disorder. (Tr. 51, 55-56). However, she then found that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id*.

The ALJ is required to discuss the evidence and explain the basis for her findings at each unfavorable step of the sequential evaluation process. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing 42 U.S.C. § 405(b)(1)). The instant ALJ's cursory findings at Step Three did not adequately explain the reasons for her determination. *Audler, supra*.[1] Nonetheless, this omission does not require remand unless the claimant's "substantial rights" were affected. *Id*.[2] A claimant's substantial rights are affected at Step Three when she demonstrates that she meets, or

---

[1] At least with respect to Listing 8.05.

[2] In other words, the ALJ's error may be harmless. *Audler, supra*. (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 2007)).

at least appears to meet, the requirements for a Listing. *See, Audler, supra*.

Plaintiff contends that her dermatitis meets Listing 8.05. The section provides:

> Dermatitis (for example, psoriasis, dyshidrosis, atopic dermatitis, exfoliative dermatitis, allergic contact dermatitis), with extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 8.05.

To establish that a claimant's injuries meet or medically equal a Listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See, Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990). If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports the ALJ's finding that Listings-level impairments are not present. *Selders*, 914 F.2d at 620. If a claimant does not exhibit all of the requisite findings of a listed impairment, medical equivalence may be established if the claimant has other findings related to the impairment that equal or exceed the required criteria for the listed impairment. 20 C.F.R. § 404.1526(b)(1). When determining whether an impairment medically equals a listing, the Commissioner considers all relevant evidence in the record. 20 C.F.R. §§ 404.1526(c), 416.926(c) (2006).[3]

The instant record contains evidence that plaintiff suffers from dermatitis that has waxed and waned in severity over the years. However, to meet Listing 8.05, the claimant must have

---

[3] The regulations formerly provided that medical equivalence was determined from medical evidence only. 20 C.F.R. § 416.926(b) (2006). However, the Commissioner recently explained that despite the change in the regulation, they have always interpreted "medical evidence" to include not just findings from medical sources, but also other information, including the claimant's own testimony. 71 FR 10431 (3/1/2006).

"extensive skin lesions." The introductory paragraphs to the Dermatitis listings define "extensive skin lesions" as "those that involve multiple body sites or critical body areas, *and* result in a very serious limitation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 8.00C(1) (emphasis added).[4] Although the medical record includes evidence that at times, plaintiff had a rash over most of her body, there is no evidence that the rash or lesions caused a very serious limitation of functioning. The most telling assessment in this regard is the April 30, 2004, examination by Charles Werner, M.D. (Tr. 242-243). Despite the fact that Griffin was symptomatic with scattered excoriated rash, he opined that she had no significant limitations that would keep her from working a full regular work day. *Id*.[5]

---

[4] Some examples include,
a. Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.

b. Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.

c. Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate.

*Id*.
 The Commissioner enacted the current definition of "extensive skin lesions" in 2004. *See*, Revised Criteria for Evaluating Skin Disorders, 69 FR 32260 June 9, 2004. In its announcement, the Commissioner stated that a "very serious limitation" was equivalent to an "extreme limitation." *Id*.

[5] Plaintiff contends that her dermatitis did cause an extreme limitation because Dr. Staats stated that "[h]er appearance with multiple sores and patches of missing hair would likely interfere with occupational functioning." (Tr. 244-247). Staats further opined that "[o]verall, she was able to interact poorly on a 1:1 basis due to prominent sores all over her body, patches of missing hair, missing eyelashes and eyebrows . . ." *Id*. However, the introductory paragraphs to the Listings on Dermatitis provide that facial disfigurement or other physical deformities are also evaluated under mental disorders listings when they affect mood or social functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 8.00D(4). In this case, the ALJ fully considered the effect of plaintiff's skin disorder on her ability to interact socially. (Tr. 52). However, she found that

In short, plaintiff has not shown that she meets or equals Listing 8.05. *See, Coleman v. Astrue*, 523 F. Supp. 2d 1264, 1269-1270 (D. Kan. 2007) (plaintiff did not establish requisite limitations to meet Listing 8.05). Thus, although the ALJ failed to discuss her rationale for declining to find that she met Listing 8.05, plaintiff has not demonstrated that her "substantial rights" were affected by the ALJ's omission.[6] *Contrast, Audler, supra*. Any error was harmless. The undersigned further finds that the Commissioner's decision is supported by substantial evidence and is free of legal error.[7]

Accordingly, the Commissioner's decision is AFFIRMED, and the matter DISMISSED, with prejudice.

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of February, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

Griffin's social functioning was no more than moderately limited as a result. *Id*. This determination is supported by substantial evidence, and thus by extension, plaintiff's dermatitis did not extremely limit her social functioning. *See e.g.*, (Tr. 333-335).

[6] *I.e.*, that she met or equaled a Listing.

[7] Plaintiff did not allege any errors with the remaining steps of the sequential evaluation process.